# Kelly v. Schillinger.

### Statutory Claim Suit.

1. *Fraudulent conveyance; when purchase not a fraud upon creditors of seller.*—Where a stock of goods is sold for its reasonable value, and the purchaser provides, by reduction of purchase price, which are paid by him, and is assured by the seller that there are no other debts owing by him, the fact that after the payment of the purchase price to the seller, as reduced by deducting the amounts of the debts specified, there are presented other claims against the seller, which were owing by him at the time of the sale and purchase, can not impute fraud in the transaction in such sort as to vitiate the purchase ; since, even if the seller intended to defraud those of his creditors who were not provided for in the sale, the purchaser, as a reasonably prudent business man, was not chargeable with notice of such intent; and having a right to rely

[Kelly v. Schillinger.]

upon the statements of the seller, the purchaser was not called upon
to demand an inspection of his book to discover who were his cred-
itors.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.
This was an action brought by J. W. Kelly against J.
B. Smith; and sought to recover an amount due on a
verified account. The action was commenced by attach-
ment, which was levied on a portion of a stock of goods,
which was supposed to belong to J. B. Smith. Upon
the levy of this attachment the appellee, Louis Schillin-
ger, made an affidavit claiming the goods, and executed
a claim bond therefor. Thereupon issue was joined upon
the claim so interposed between the plaintiff and the
claimant. The facts of the case are sufficiently stated
in the opinion. The cause was tried by the court with-
out the intervention of a jury. Upon the hearing of
all the evidence, the court rendered judgment for the
claimant, and adjudged that the property was not sub-
ject to the plaintiff's attachment. This judgment is ap-
pealed from, and its rendition is assigned as error.

MOUNTJOY & TOMLINSON, for appellant, cited *Crawford
et al. v. Kirksey et al.*, 55 Ala. 282 ; *Lehman, Durr & Co.
v. Kelly & Bro.*, 68 Ala. 192.

B. M. ALLEN, *contra*.

HEAD, J.—We think the finding and judgment of the
city court in this case were clearly right. J. B. Smith,
a saloon keeper, sold out his stock, &c. to the claimant,
Schillinger, for. $8,500, which the undisputed evidence
shows was its reasonable value. Smith informed Schil-
linger of outstanding claims against him for something
over $2,900, and the latter was careful to make it a part
of the contract that those debts be paid out of the $8,500,
and took it into his own hands to see that they were
paid, and it was done. He asked Smith if there were
any other claims against him, and was assured there
were none. He then paid Smith the balance of the
price, to-wit, $5,545.15, giving him a check for the same
on his bank. Before the trade was consummated, Mount-
joy & Tomlinson, attorneys in Birmingham, presented
another claim, one in favor of Rosskam, Gerstly & Co.

22

for $170.35, of which Schillinger was notified, but Smith declared to Schillinger that he did not owe it, and no provision was made for its payment. This was all Schillinger knew about Smith's indebtedness, and we see in the evidence, no facts or circumstances sufficient to charge him with notice of any other indebtedness. It developed subsequently that a claim for $114.69 in favor of Sattler & Co. and the claim of Kelly, the plaintiff in this suit, for $125, appeared in the form of accepted drafts. There is no evidence that Smith owed anything more than is hereinabove shown, so that on the undisputed evidence his stock, &c. were worth over five thousand dollars more than he owed. If it be conceded that Smith made the sale with the intent to defraud the three small creditors who were unprovided for, we are well satisfied that the nature of the transaction was such that Schillinger, as a reasonably prudent business man, was not charged with notice of that intent. He had every reason to believe that Smith had honestly provided for all his creditors. We do not think, under all the circumstances, that Schillinger was called upon to demand an inspection of Smith's books to see what creditors there were. It is argued that there is no proof in the record of the validity and *bona fides* of most of the claims which were provided for and paid, and that it must be taken that $8,500 worth of property was sold for a little over $5,000. The answer is, that if those claims were not real, Schillinger had no notice whatever of the existence of any debts, except the disputed claim of Rosskam, Gerstly & Co. He evidently believed them to be just claims, and acting honestly and with reasonable precaution throughout, he can not be charged with notice of any fraud on the part of the seller, if such was intended. The case would then be the same as if the whole $8,500 had been paid over to Smith. We do not affirm that if the facts had been such as to put Schillinger on notice of a fraudulent intent on the part of Smith, it would not have devolved on Schillinger to prove that the claims paid were real debts. That question does not now arise.

We concur fully in the conclusion of the city court, and its judgment is affirmed.